# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| My Daily Choice, Inc., | Case No.: 2:25-cv-00205-CDS-MDC |
| Plaintiff | **Order Denying Plaintiff's Motions for Entry of Clerk's Default** |
| v. | |
| Kiss Nutraceuticals, LLC, et al., | [ECF Nos. 9, 14] |
| Defendants | |

Plaintiff My Daily Choice brought this breach of contract, fraud, and unjust enrichment action against defendants Kiss Nutraceuticals, LLC and Cole T. Evans on January 30, 2025. *See* Compl., ECF No. 1. On March 11, 2025, plaintiff filed proof of service upon the defendant. *See* Serv. aff., ECF No. 8. On the same day, the plaintiff filed its first motion for entry of clerk's default against Kiss Nutraceuticals. Default mot. 1, ECF No. 9. On March 12, 2025, the Clerk of Court entered a notice stating:

> Attorney Action Required to 9 Motion for Entry of Clerks Default. Attorney Jared Sechrist advised that the Ninth Circuit Court of Appeals explained in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), a party's failure to plead or otherwise defend must be 'shown by affidavit or otherwise' before the Clerk can 'enter the party's default.' Please comply and file the necessary paperwork regarding Motion for entry of Clerk Default.

Notice 1, ECF No. 12. My Daily Choice did not respond to the Clerk's notice. Instead, on April 15, 2025, it filed a second motion for entry of clerk's default against Kiss Nutraceuticals. Default mot. 2, ECF No. 14. On April 9, 2025, the Clerk of Court entered another notice stating:

> Attorney Action Required to 14 Motion for Entry of Clerk's Default. Attorney Jared Sechrist [sic] is advised that the motion for entry of clerk's default (ECF No. 14 ) is procedurally improper. To move for entry of clerk's default, a party must electronically file: 1) a motion for entry of default, 2) an affidavit (or declaration) in support of the motion, 3) a proposed entry of default, and 4) a certificate of service. Counsel is advised to electronically file an affidavit (or declaration) in support of the motion for entry of clerk's default.

Notice 2, ECF No. 15. Again, plaintiff did not respond to this notice.

## I. Discussion

Although not explicitly stated in either motion, plaintiff seemingly seeks default judgment against both defendants under Federal Rule of Civil Procedure 55. Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." But entry of default pursuant to Rule 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that Rule 55 requires a two-step process). A review of the docket reveals the defendants have failed to file an answer or any responsive pleading, which suggests default may be appropriate here. But the plaintiff failed to file an affidavit or declaration in support of its request, which precludes the Clerk of Court from entering default. Consequently, both motions for entry of default are denied without prejudice. *See, e.g., Ardalan v. McHugh*, 2013 WL 6212710, at *23 (N.D. Cal. Nov. 27, 2013) ("Without first obtaining an entry of default against Defendants, Plaintiff's motion for default judgment is improperly before this Court.").

If plaintiff seeks to refile a motion, it must comply with Rule 55(a). If that is accomplished, and the clerk's default is properly entered, a party seeking relief other than a sum certain can apply to the court for a default judgment Rule 55(b). *See* Fed. R. Civ. P. 55(b).

## II. Conclusion

IT IS THEREFORE ORDERED that plaintiff's motions for entry of clerk's default [ECF No. 9, 14] are DENIED.

Dated: July 17, 2025

_____
Cristina D. Silva
United States District Judge