UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| My Daily Choice, Inc., <br><br>                    Plaintiff(s), <br><br> vs. <br><br><br> Kiss Nutraceuticals LLC, et al., <br><br>                    Defendant(s). | 2:25-cv-00205-CDS-MDC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SERVE BY PUBLICATION AND EXTEND TIME FOR SERVICE (ECF No. 20)** |

Plaintiff filed a *Motion to Serve by Publication and Extend Time for Service.* ("Motion"). *ECF No. 20*. The Court **GRANTS in part** and **DENIES in part** the Motion. The Court grants the request for additional time and will allow plaintiff until **November 5, 2025** to serve defendant Cole T. Evans ("Evans") but denies the request to serve by publication without prejudice since service by publication is a last resort.

I.     **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Other courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis

added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted). District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am. Inc*., 160 F.3d 381, 383 (7th Cir. 1998)).

## II.     ANALYSIS

Plaintiff argues in its Motion that they have been unable to serve defendant Evans and that it believes Evans is evading service. *ECF No. 20*. Plaintiff argues that it has attempted to serve defendant at two addresses on different occasions, but it has been unsuccessful. Plaintiff asks the Court to be allowed to serve Evans by publication. Plaintiff submits a declaration from a process server that states that he attempted to serve plaintiff at his last known address in Colorado but there was no answer, despite the process server's belief that someone was home. *ECF No. 20-1 at 7*. A second declaration from a process server states that it attempted service at the co-defendant's business address but other people there said Evans was not there. *Id. at 8*. Plaintiff does not state whether the process server attempted any surveillance of the residence to wait for Evans or make contact with whomever was home.   Plaintiff also fails to show that it made any efforts to locate alternative addresses for Evans.

In sum, plaintiff's asserted efforts require more detail and development. Plaintiff brought this case and it is plaintiff's responsibility to serve the defendant. Plaintiff states that it believes Evans is evading service, however, it has provided little evidence to support this claim. Plaintiff has not established that Evans is aware of the suit and that service is being attempted.  The fact that no one answered the door at the first address and Evans was not available at the second address does not necessarily show that he is evading service.  Plaintiff has also not shown that it consulted other

methods of locating Evans, such as consulting alternative addresses in public directories or seeking out family members. Counsel does not articulate or describe whether he researched different public and online records or whether he has any leads on additional addresses.

The Court finds that plaintiff has not shown sufficient diligence in attempting to serve the defendant to support that service by publication, the last resort, is appropriate. The Court has broad discretion to permit an extension under Rule 4 and grants plaintiff such extension. The defendants will not be prejudiced by a reasonable extension.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Serve by Publication or Alternative Means And Extend Time for Service* (ECF No. 20) is **GRANTED AND DENIED IN PART**.

2. Plaintiff's request to serve the defendant by publication is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff's request for an extension of time to serve the defendant Evans is **GRANTED**: plaintiff has until **November 5, 2025**, to serve the defendant or seek a further extension consistent with this order.

DATED: October 6, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge