UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| My Daily Choice, Inc., <br><br> Plaintiff(s), <br><br> vs. <br><br><br> Kiss Nutraceuticals LLC, et al., <br><br> Defendant(s). | 2:25-cv-00205-CDS-MDC <br><br> **ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE (ECF No. 23)** |

Plaintiff filed a *Motion to Extend Time for Service.* ("Motion"). *ECF No. 23*. The Court **GRANTS** the Motion. The Court grants the request for additional time and will allow plaintiff until **March 2, 2026** to serve defendant Cole T. Evans ("Evans").

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

## II. ANALYSIS

This is plaintiff's second motion to extend time. Plaintiff argues that it has attempted to serve

1

defendant at the same address it previously attempted to serve him at on two different occasions, but it has continued to be unsuccessful. *ECF No. 23 at 3*. Plaintiff submits a declaration from a process server that states that he attempted to serve plaintiff at his last known addresses in Colorado but was unable to serve him. *ECF No. 23-1*.

In the Court's previous Order, the Court noted that, "[p]laintiff does not state whether the process server attempted any surveillance of the residence to wait for Evans or make contact with whomever was home.  Plaintiff also fails to show that it made any efforts to locate alternative addresses for Evans." *ECF No. 21*. Plaintiff again does not show that it made any attempts to locate alternative addresses or conduct any surveillance to make contact with Evans. Plaintiff filed this case nearly a year ago, but the defendant will likely not be prejudiced by an additional extension here. Defendant may have actual notice of the suit and plaintiff may be able to eventually serve the defendant. The Court has broad discretion to permit an extension under Rule 4 and grants plaintiff such extension. The defendants will not be prejudiced by a reasonable extension.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Extend Time for Service* (ECF No. 23) is **GRANTED.**

2. Plaintiff has until **March 2, 2026**, to serve the defendant.

DATED: December 15, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge